IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00785-BNB

MATTHEW A. SMITH,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Matthew A. Smith, has filed *pro se* a Complaint (ECF No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). The Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) will be granted.

    Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr. Smith's claims are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss any claims in which Mr. Smith is seeking monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the action pursuant to § 1915(e)(2)(B)(i) & (iii).

    The Court must construe the Complaint liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

This action is one of four separate and apparently related lawsuits commenced by Mr. Smith on the same day. *See also Smith v. EEOC*, No. 14-cv-00786-BNB (D. Colo. filed Mar. 17, 2014); *Smith v. United Parcel Service*, No. 14-cv-00787-BNB (D. Colo. filed Mar. 17, 2014); *Smith v. CCRD*, No. 14-cv-00788-BNB (D. Colo. filed Mar. 17, 2014). The lawsuit against United Parcel Service, Mr. Smith's former employer, may be predicated on claims of employment discrimination. The other three actions are asserted against federal and state agencies involved in processing Mr. Smith's claims against United Parcel Service, apparently because Mr. Smith is unhappy with how those claims have been processed and resolved.

The Defendant in the instant action is the Department of Justice but it is not entirely clear how the Department of Justice was involved in Mr. Smith's claims against United Parcel Service. Mr. Smith alleges in the Complaint that:

> There was Negligence between the Plaintiff and Department of Justice Rules, Regulations, and Procedures For The People and Their Representors For Whom Hold Public Office Or Otherwise (Cause Organizations Without Fair Settlement Offer). These claims include the Pro Se plaintiff and all federal cases filed beginning 2011-Present; As for entitlement to redress the cases mention but not cited especially cases in point Matthew A. Smith Vs. UPS.

> All parties should have had equal practice by the law, and
> the relief sought there is belief default judgement should
> have been granted as there were taken the constitutional
> rights of the plaintiff equal/fair justice this was apparent
> through case recognitions mentioned but not limited to
> Disparate Treatment, Disparate Impact, Pattern or Practice,
> Res Ipsa Loquitor which gurantees trial, and Prima Facie
> which gurantees judgment.  This was discrimination (Pattern
> or Practice, Disparate Impact, and Disparate Treatment)
> which is negligence the only question remains negligent,
> wilful, intentional, or malicious by the court.

(ECF No. 1 at 2 (quoted verbatim without alteration or use of the traditional "sic" to indicate mistakes).)  Mr. Smith seeks damages as relief.

Although the claims Mr. Smith is asserting against the Department of Justice are not clear, whatever claims Mr. Smith is asserting are legally frivolous.  Mr. Smith fails to allege any facts that support an arguable claim against the Department of Justice.  The Court also notes that sovereign immunity prevents Mr. Smith from suing the Department of Justice for damages.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  Therefore, the Complaint will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Finally, the Court notes that Mr. Smith has filed numerous frivolous lawsuits in

the District of Colorado and that he recently was ordered to show cause why filing restrictions should not be imposed.  *See Smith v. Byron White 10th Cir. Fed. Court*, No. 14-cv-00669-LTB (D. Colo. Mar. 10, 2014) (dismissing action as legally frivolous and ordering Mr. Smith to show cause within twenty-one days).  Because the issue of filing restrictions is being addressed in another case, it is unnecessary to consider the issue in this action at this time.  Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is granted.  It is

FURTHER ORDERED that the Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) because Plaintiff's claims are legally frivolous and he is seeking relief from a Defendant who is immune from such relief.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  19th  day of    March    , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court